## A. JARDICKE v. C. G. SCRAFFORD.

INSTRUCTIONS: *Not to be given, if Inapplicable.* There is no error in refusing an instruction which, however good in the abstract, is inapplicable to the facts in the case on trial, as testified to by either party.

*Error from Washington District Court.*

SCRAFFORD obtained a judgment against *Jardicke*, at the August Term 1874, of the district court, for $200 damages,

for breach of contract for the sale and delivery of corn. The material facts, and proceedings on trial, are stated in the opinion. *Jardicke* brings the case here on error.

*T. J. Humes*, and *J. W. Rector*, for plaintiff in error.

*S. Conwell*, and *W. C. Webb*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action to recover damages for the breach of a contract to deliver corn. Two questions are presented by counsel for plaintiff in error in their brief. First, it is claimed that the court erred in ruling out a deposition, and second, that it improperly refused an instruction. The undisputed facts are, that on the 26th of December 1873 the parties made a contract by which plaintiff in error, (defendant below,) agreed to deliver 2,000 bushels of corn on the cars at Hanover, within thirty days, at thirty cents a bushel. Before the thirty days were passed corn was worth forty cents, and no corn was delivered. At the time of the making of the contract Scrafford gave Jardicke a check for fifty dollars on the banking-house of Lappin & Scrafford, and Jardicke signed what was both a receipt and also a memorandum of contract. By the terms of this memorandum two hundred dollars more was to be paid on the delivery of 1,000 bushels, and the balance on the delivery of the other thousand. Scrafford testified that the further agreement was, that Jardicke, when he was ready to deliver the corn, should call upon the station-agent at Hanover for the cars, who by previous arrangement was to furnish the cars whenever notified. Jardicke on the other hand testified that Scrafford was to procure the cars and notify him when they were at Hanover ready for the corn. Jardicke never called on the agent for the cars, and never bought the corn. Upon this disputed testimony the court charged the jury very fairly and clearly. No objection is made to the charge in this respect; indeed,

9—15 KAS.

none could be. On the 26th of January 1874 Scrafford wrote this letter to Jardicke:

"DEAR SIR: When you are ready to deliver the corn, call on the station-agent at Hanover for the cars.

"C. G. SCRAFFORD."

This letter was received on the day it was sent. On the 12th of February Jardicke wrote this reply:

"Inclosed please find your draft of fifty dollars. In reply I will state that I must have cash money here to do business with. Therefore I send the draft back. If you will send the money for the draft, the 2,000 bushels of corn are engaged and bargained for, but I cannot buy them without the cash money, and I am not able at present to go ahead as I have stated."

This letter was directed, with the draft or check previously given by Scrafford inclosed, to "Lappin & Scrafford," but was not taken by them out of the post-office, and subsequently returned to Jardicke. This last letter, and a deposition of the postmaster at Seneca, as to the receipt and return of the letter, and what was said by Scrafford in reference to the refusal to take the letter out of the office, were offered in evidence, and ruled out as irrelevant. The language of the deposition is, "I can't now give the reason assigned by him, but it was something about an anticipated law suit about a corn contract with the sender of the letter." This ruling is one of the alleged errors. We fail to see any error in it. Counsel for plaintiff in error contend that the letter of Scrafford was a waiver of the thirty-days clause in the contract, and an offer to extend indefinitely the time for the delivery of the corn, and that the letter of Jardicke was an acceptance of this offer, and that therefore, before any action would accrue to Scrafford he must prove a tender of the money and demand of the corn. We do not think either letter justifies fully the construction placed upon it. While from Scrafford's letter a willingness might be implied to receive the corn, though the thirty days had elapsed, and he testified that he would have been willing, we do not understand it as convey-

ing any proposition for a change of the contract. It was properly admitted by the court, as tending to throw light upon the disputed terms of the original contract, but beyond that we think it has no force. Neither the letter of Jardicke, nor the deposition of the postmaster, throws any light upon the terms of the contract, or affects in any way the right of recovery, or the measure of damages. So far as the testimony of the postmaster in any respect conflicts with that of Scrafford, it was upon a purely collateral matter. The instruction refused was, "that if by the terms of the contract the defendant was to deliver to the plaintiff certain corn within thirty days from the making of said contract, and that plaintiff was to pay for said corn at the time of said delivery, then before plaintiff can recover he must show that at the expiration of said thirty days he made demand of defendant for said corn, and paid defendant or tendered him payment therefor." It was sufficient reason for refusing this instruction that it was inapplicable to the contract as testified to by either party, and omitted matters which in either case were vital to the question of the right to recover.

There being no other error complained of, the judgment must be affirmed.

All the Justices concurring.